IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY D. HELVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-06-992-W |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on June 16, 2003 alleging a disability since January 10, 2002 (TR. 62-64). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 32, 33). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on March 29, 2005 (TR. 312-346). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 315-341). A vocational expert (VE) testified at the request of the ALJ (TR. 341-345). The ALJ issued her decision on January 25, 2006 finding that Plaintiff was not entitled to DIB (TR. 20-31). The Appeals Council denied the Plaintiff's request for review on May 31, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 12-14).

**STANDARD OF REVIEW**

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

**DISCUSSION & FINDINGS**

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 29). At step two, the ALJ concluded that Plaintiff's degenerative disc disease and obesity were severe impairments (TR. 29). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 29). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work (PRW) (TR. 29).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found

that Plaintiff retained the RFC to perform a significant range of light work (TR. 30). The ALJ considered the testimony of the VE and determined there were jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 30). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 30).

On appeal to this Court, Plaintiff alleges that the ALJ committed reversible error by applying an incorrect legal standard with regard to the weight to be applied to a VA disability determination.

In January 2004 the Veterans Administration ("VA") determined that Plaintiff was entitled to a 60% disability rating effective August 29, 2002 (TR. 302). In November 2004, the VA determined that Plaintiff was "entitled to receive compensation at the 100% rate because you are unemployable due to service-connected disability" (TR. 105).

In her decision the ALJ states only that

> The claimant presented an award of disability from the U.S. Department of Veterans Affairs (Exhibit 9E). Such award did not include the underlying examinations and clinical or laboratory evaluations. The definition of disability for other jurisdictions, such as worker's compensation or veterans benefits, define disability percentages based upon other criteria than that used by the Social Security Administration, and are of little weight

(TR. 27).

An ALJ must consider a VA disability rating in making her decision. *Baca v. Dept. of HHS*, 5 F.3d 476, 480 (10th Cir. 1993). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." *Id*. Plaintiff has been evaluated for disability by the VA continuously from 2002 to the present (TR. 302-305, 106-178). It appears that Plaintiff was determined to be 100% disabled prior to expiration of his insured status (TR. 105, 22). The rating may provide evidence that Plaintiff is disabled within the meaning of the Social Security Act. The ALJ's scant treatment of Plaintiff's VA rating defies meaningful judicial review. The only reason given by the ALJ for the weight accorded was that it "did not include the underlying examinations and clinical or laboratory evaluations" (TR. 27). The ALJ's reasoning leaves open the

3

question of whether she failed in her duty to adequately develop the record and obtain the medical evidence underlying the VA disability rating. The ALJ has the duty to develop the record relating to the other agency's disability findings. *Baca* at 479-480. The *Baca* court stated that even though a Social Security claimant has the burden of providing medical evidence establishing disability, "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca* at 479-480. (citations omitted). This duty exists even when the claimant is represented by counsel. *Baca* at 480 (citations omitted).

On remand the Commissioner should state her reasoning, specific to Plaintiff's case, for offering "little weight" to Plaintiff's 100% VA disability rating; and also obtain the medical evidence underlying Plaintiff's VA disability rating and consider and discuss that evidence.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 1st day of October 2007.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

Helvey(R) f&r VA fail to dev.doc